By the Court.
In the common pleas court of Hamilton county, on October 1, 1914, two receivers were appointed by that court upon the application of the plaintiff, in an action brought merely for the purpose of taking possession of the property of The Interurban Railway & Terminal Company and managing and controlling it and operating its traction lines, and were authorized and empowered to employ the necessary assistants, purchase the necessary material, and make the necessary contracts, to continue the operation of the roads.
The appointment of these receivers does not appear to have 'been ancillary to any other relief prayed for. These receivers were appointed upon the consent of the defendant company.
These receivers continued to operate the three lines of the defendant company for a period of about two and a half years and are still in the possession and control of the properties of the defendant Interurban Railway & Terminal Company, and are operating the three lines of road owned by it: one to New Richmond, Clermont *184 county, Ohio; another to Bethel, Clermont county, Ohio; and the third to Lebanon, Warren county, Ohio.
On April 25, 1917, these receivers filed a petition in the common pleas court which had appointed them as receivers, praying for an order authorizing them to dismantle one of the lines of the said company, to-wit, the line running from Cincinnati to Bethel, Ohio, and to discontinue the operation of the road and to sell and dispose of all the tangible property, including the rails and ties, the overhead wiring and poles. They represented to the court that they had an offer from The Clermont Construction Company to pay for the tangible property $240,000, "par value of first mortgage bonds, and $433,000, par value of the common stock of The Cincinnati, Georgetown and Portsmouth Railroad Company, a competing traction line paralleling almost the entire distance between Bethel and Cincinnati the line of The Interurban Railway & Terminal Company.
The court, upon the application, and after giving notice, made an order directing the receivers to dismantle the road known as The Suburban Division of The Interurban Railway & Terminal Company, and to sell and dispose of the tangible property upon the terms stated in the application.
Before this order was made the villages of Bethel and Amelia, the city of Cincinnati, to which was annexed the village of Mt. Washington, the county commissioners of Hamilton county and the county commissioners of Clermont county were all made parties upon the proper 'application and were given leave to plead, these political subdivisions *185 'having granted the franchise to The Suburban Division of The Interunban & Terminal Company-several years ago. These new defendants objected to the granting of the application and excepted to the order of the court of common pleas authorizing the receivers to dismantle the road and discontinue its operation. .
It appears from an examination of the pleadings in this case that there was no authority vested in these receivers to dismantle this interurban road or to sell. the tangible property, and the court of common pleas had no power or authority to make such an order. These receivers were appointed to take charge of the property and preserve the same, and to maintain and operate it pending a settlement between the defendant company and its creditors. The effect of dismantling the road and' selling the rails, ties, overhead construction and movable property would be to abandon the franchise, and this could be done by the company only, and not by these receivers. ■
It is true that the company through its secretary comes in and consents to the granting of the application made by the receivers, but this cannot confer power on the receivers to abandon the road, nor to dismantle it. Nor is it the equivalent of an application made by the corporation itself' to abandon its franchise.
Under the law as it now exists, Sections 501, 502, 504-2 and 504-3, General Code, this company cannot abandon its tracks and discontinue its service except upon an application made to the public utilities commission of the state of Ohio. See Section 501, General Code; also, an act passed by *186 the legislature March 21, 1917 (107 O. L., 525), entitled “An act enlarging the powers and duties' of the public utilities commission with reference to the abandonment of service and facilities by railroads.”
We do not pass upon' the question of the authority of the court of common pleas originally to appoint these receivers for the purposes for which they were appointed, as that question is not raised in the record in this case, but we hold that under the order appointing these receivers it was their duty to preserve the property, maintain the road and operate it, and not to abandon it and sell the movable property as junk. The right to abandon the road, if any exists at this time, is in the defendant Interurban Railway & Terminal Company. The public, the villages of Bethel and Amelia, the city of Cincinnati, the •counties of Hamilton and Clermont, which granted these franchises, have an interest in the maintenance and operation of the traction lines, and they are therefore proper parties in this case and should be heard objecting to the discontinuance •of the operation of the road.
For the reasons stated the judgment of the ■court of common pleas is reversed, and the cause is remanded for further proceedings.

Judgment reversed, and cause remanded.

Jones, P. J., Gorman and Hamilton, JJ., concur.